**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRENDA LOU BOWIE,

Defendant - Appellant.

No. 04-6300
(W.D. Oklahoma)
(D.Ct. No. O3-CR-06-M)

_____

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On August 30, 2004, Brenda Lou Bowie was sentenced to 120 months imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and 60 months for possessing a firearm in furtherance of a

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), to run consecutively. Bowie appeals from her sentence raising *United States v. Booker*, 543 U.S. 220 (2005). We exercise jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291 and AFFIRM.

**Background**:

On May 8, 2003, Bowie, along with various defendants associated with the Outlaws Motorcycle Club, were charged in a 48-count superseding indictment alleging various drug and firearm offenses. On February 9, 2004, Bowie pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), (Count 1), and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 2). A presentence report (PSR) determined Bowie's criminal history to be Category II. It recommended the initial base offense level on Count 1 at 14 but increased the base offense level to 36 due to several enhancements and a reduction.[1] This resulted in a guideline range of 210 to 262 months for Count 1. However, the guideline range for Count 1 exceeded the statutory maximum of 120 months. The guideline for Count 2 was

---

[1] Pursuant to USSG §2K2.1(c)(1), the PSR recommended a finding that Bowie possessed or used a firearm in connection with the commission or attempted commission of another offense. Under the cross-reference to USSG §2X1.1(a), the base offense level is set by the base offense level for the substantive offense. Under USSG §2D1.1(c)(1), the base offense level for 161,375.34 kilograms of marijuana equivalent is 38. The PSR then recommended a two point reduction for acceptance of responsibility, resulting in a total offense level of 36.

the statutory minimum of 60 months.

The sentencing hearing was conducted on August 30, 2004. Bowie objected to the PSR's finding of the drug quantity at issue based on the Supreme Court's then-recent decision in *Blakely v. Washington*, 542 U.S. 296 (2004). After hearing testimony, the district court found by a preponderance of the evidence that the testimony supported the conclusions contained in the PSR. The district court sentenced Bowie to 120 months for Count 1 and 60 months for Count 2, to run consecutively.

The district court also imposed two alternate sentences in anticipation of a ruling by the Supreme Court applying *Blakely* to the federal sentencing guidelines. In the event the sentencing guidelines were invalidated in their entirety, the first alternate sentence imposed an identical sentence to that of the guideline sentence of 120 months for Count 1 and a consecutive term of 60 months on Count 2. In the event only the upward enhancements were found to be unconstitutional, the district court recalculated the guideline range as 12 to 18 months and ordered a sentence of 18 months on Count 1 and a consecutive term of 60 months on Count 2.

On appeal, Bowie argues the district court's application of the guidelines in a mandatory fashion constitutes error under the Supreme Court's decision in *Booker*. Bowie also argues the first alternate sentence imposed by the district court was unreasonable and that "fairness would dictate that this case be sent back

to the district court for further sentencing in light of cases which have been decided since the original sentence was imposed." (Appellant's Br. at 7.)

**Analysis**:

The district court's application of the guidelines in a mandatory fashion was non-constitutional *Booker* error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc), *cert. denied*, 126 S.Ct. 495 (2005). Bowie's objection based on *Blakely* was sufficient to preserve her *Booker* argument on appeal, *United States v. Geames*, 427 F.3d 1333, 1339 (10th Cir. 2005), and thus, we review her sentence for harmless error. *United States v. Lang*, 405 F.3d 1060, 1064 (10th Cir. 2005); *United States v. Riccardi*, 405 F.3d 852, 874-75 (10th Cir.), *cert. denied*, 126 S.Ct. 299 (2005). An error is harmless if, after reviewing the record as a whole, this Court determines that it did not affect the district court's imposition of the sentence. *United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005); *United States v. Corchado*, 427 F.3d 815, 821 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 1811 (2006). The government bears the burden of establishing harmlessness beyond a reasonable doubt. *See United States v. Windrix*, 405 F.3d 1146, 1158 (10th Cir. 2005). Sentencing error is harmless where the district court imposed an identical alternate sentence in anticipation of the result in *Booker*. *Corchado*, 427 F.3d at 821.

The crux of this case is which of the two alternate sentences imposed by the

district court is operative after *Booker*'s invalidation of the mandatory provisions of the federal sentencing guidelines. On the one hand, the first alternate sentence presupposed the complete invalidation of the guidelines, which did not occur. *See Labastida-Segura*, 396 F.3d at 1142. On the other hand, the second alternate sentence presupposed the invalidation of only the upward departure provisions of the sentencing guidelines, which were similarly untouched by *Booker*. *See United States v. Montgomery*, 439 F.3d 1260, 1262 (10th Cir. 2006) (approving reasonable discretionary upward departures post-*Booker*). Given that our inquiry seeks to establish, if possible, the sentence that would have been imposed by the district court if it had not felt bound by the guidelines, *see Corchado*, 427 F.3d at 821; *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1223-24 (10th Cir. 2005), the first alternate sentence clearly controls. Only the first alternate sentence reveals the discretionary sentence the district court would have imposed in the absence of the mandatory provisions of the guidelines. Because the discretionary first alternate sentence is identical to the sentence imposed under the mandatory application of the guidelines, the district court's non-constitutional *Booker* error was harmless.

Because the first alternate sentence imposed was discretionary, we review it on appeal for reasonableness in light of the factors listed in 18 U.S.C. § 3553(a). *United States v. Souser*, 405 F.3d 1162, 1165 (10th Cir. 2005). Bowie objects to the reasonableness of the sentence imposed based on the district court's failure to

"consider or at the very least . . . make known her consideration of other sentencing factors as set forth in 18 U.S.C. § 3553(a) before imposing sentence." (Appellant's Br. at 7.)  However, we have never required the district court to "march through [18 U.S.C.] § 3553(a)'s sentencing factors[.]"  *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005), *cert. denied*, 126 S.Ct. 1089 (2006). It is sufficient for the district court to examine the record in its entirety, hear opposing arguments and demonstrate a familiarity with the facts of the case.  *Id.* ("We will not make the useless gesture of remanding for reconsideration when Defendant was aware at sentencing that all relevant factors would be considered by the district court."); *see also Corchado*, 427 F.3d at 821.  In light of the factors listed in 18 U.S.C. § 3553(a), the district court's first alternate sentence of 120 months for Count 1 and 60 months for Count 2, to run consecutively was reasonable.

AFFIRMED.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge