**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES SHARIF INGRAM,

Defendant - Appellant.

No. 05-6081
(W.D. Oklahoma)
(D.Ct. No. CR-04-95-1-R)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

On May 19, 2004, Charles Sharif Ingram was charged in a single count indictment for being a felon in possession of a firearm in violation of 18 U.S.C.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 922(g)(1). On October 19, 2004, Ingram pled guilty to the indictment. There was no plea agreement. A presentence report (PSR) was prepared which recommended Ingram's guideline range should be increased by two levels pursuant to USSG §2K2.1(b)(4) because the firearm possessed by Ingram was stolen. Ingram objected to the sentencing enhancement. On March 3, 2005, the district court conducted a sentencing hearing at which the government presented evidence to the judge that the firearm had been stolen. At the conclusion of the hearing, the district court imposed the two-level enhancement under USSG §2K2.1(b)(4) and sentenced Ingram to ninety-two months imprisonment. Ingram appeals from the district court's determination, arguing *United States v. Booker*, 543 U.S. 220 (2005), precluded the district court from enhancing his sentence based on facts not presented to a jury and the government's evidence failed to adequately establish the gun was stolen. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.

*Booker* error, either constitutional or non-constitutional, is predicated on the district court's treatment of the guidelines as mandatory. *United States v. Gonzalez-Huerta*, 403 F.3d 727 (10th Cir.) (en banc), *cert. denied*, 126 S.Ct. 495 (2005). *See United States v. Lawrence*, 405 F.3d 888, 907 (10th Cir.) ("[T]he Supreme Court's holding in *Booker* would not have prohibited the district court from making the same factual findings and applying the same enhancements and adjustments to [the defendant's] sentence as long as it did not apply the

Guidelines in a mandatory fashion."), *cert. denied*, 126 S.Ct. 468 (2005). After *Booker*, "district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before. The only difference is that the court has latitude . . . to depart from the resulting Guideline ranges." *United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir.) (citation omitted), *cert. denied*, 126 S.Ct. 468 (2005). "In this respect, the prior Guidelines scheme is unchanged by the seeming revolution of *Booker*." *Id*. Accordingly, district courts still maintain the ability to depart downward *or upward* from the sentencing guideline range, so long as the sentence imposed is reasonable with regard to 18 U.S.C. § 3553(a). *United States v. Montgomery*, 439 F.3d 1260, 1262 (10th Cir. 2006); *see also United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005) ("After it has made [the Sentencing Guidelines] calculation, the district court may impose a more severe or more lenient sentence as long as the sentence is reasonable.").

Thus, when considering sentence enhancements imposed after *Booker*, we still "review the district court's factual findings for clear error and questions of law *de novo*." *United States v. Mozee*, 405 F.3d 1082, 1088 (10th Cir.), *cert. denied*, 126 S.Ct. 253 (2005). We will not disturb a factual finding unless it has no basis in the record. *United States v. Martin,* 163 F.3d 1212, 1217 (10th Cir. 1998). Additionally, when reviewing a district court's decision to apply a sentence enhancement, we view the evidence and inferences therefrom in the light

most favorable to the district court's determination. *United States v. Brown,* 314 F.3d 1216, 1222 (10th Cir. 2003).

To establish the firearm was stolen, the government called Special Agent Karen Hess of the Bureau of Alcohol, Tobacco, Firearms and Explosives to testify. Agent Hess testified that at the time of Ingram's arrest, police dispatch checked NCIC records and confirmed the gun was stolen based on a 2003 Oklahoma City Police crime report. She also testified that she personally contacted the victim of the burglary who confirmed that a firearm matching the brand, type and caliber of the gun possessed by Ingram was stolen. Although the victim could not recall the serial number of the gun, he did recall that he provided the serial number of the gun to the police in a written list of property at the time of the burglary. Viewing the evidence and inferences therefrom, we find the district court's determination has an adequate basis in the record and was not clearly erroneous.

We AFFIRM the judgment of the district court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-4-