**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 14, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN SPENCER HURT,

Defendant - Appellant.

No. 05-8099

D. Wyoming

(D.C. No. 03-CR-64-ABJ)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Based on his association with the Oliva drug group,[1] John Spencer Hurt was convicted by a jury of managing a building for purpose of drug storage or distribution in violation of 21 U.S.C. § 856(a)(2) and was sentenced to seventy-seven months imprisonment. He appealed his conviction and sentence. We affirmed his conviction but remanded the case "for re-sentencing consistent with *United States v. Booker*[, 543 U.S. 220 (2005)]." *United States v. Hurt*, 137 Fed. Appx. 192, 197 (10th Cir. 2005) (unpublished) (*Hurt I*). On remand, the district court imposed a fifty-seven month sentence after consulting the guidelines as advisory only.[2] Hurt again appeals. We exercise jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291 and AFFIRM.

In *Booker,* the Supreme Court applied *Washington v. Blakely*[3] to the federal sentencing guidelines and held the Sixth Amendment required that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 543 U.S. at 244. The seeming remedy to this problem would have been

---

[1] The Oliva drug group was "a methamphetamine distribution ring located at 948 North Park Street in Casper[, Wyoming] and led by Martin Jimenez-Oliva." *Hurt*, 137 Fed. Appx. at 194-95.

[2] The district court consulted the November 5, 2003 edition of the Guidelines Manual in this case.

[3] 542 U.S. 296 (2004).

-2-

to invalidate judicial fact-finding. *See United States v. Montgomery*, 439 F.3d 1260, 1262 (10th Cir. 2006). "Despite the straightforward appeal of this approach, however, the Supreme Court did not adopt it in *Booker*." *Id.* Rather, "the Supreme Court . . . imposed a global remedy for the Sixth Amendment difficulties with the Sentencing Guidelines, invalidating their mandatory application and instead requiring district courts to consult them in an advisory fashion." *United States v. Labastida-Segura,* 396 F.3d 1140, 1142 (10th Cir. 2005) (citing *Booker,* 543 U.S. at 244). Thus, "the Supreme Court's holding in *Booker*" does not prohibit "the district court from making the same factual findings and applying the same enhancements and adjustments to [the defendant's] sentence" that it could before *Booker*, "as long as it [does] not apply the Guidelines in a mandatory fashion." *United States v. Lawrence,* 405 F.3d 888, 907 (10th Cir.), *cert. denied*, 126 S.Ct 468 (2005); *see also United States v. Magallanez*, 408 F.3d 672, 685 (10th Cir.) ("[W]hen a district court makes a determination of sentencing facts by a preponderance test under the now-advisory Guidelines, it is not bound by jury determinations reached through application of the more onerous reasonable doubt standard. In this respect, the prior Guidelines scheme is unchanged by the seeming revolution of *Booker*."), *cert. denied*, 126 S.Ct. 468 (2005).

"[N]otwithstanding *Booker's* invalidation of the mandatory nature of the sentencing guidelines, district courts must still consult the Guidelines and take

them into account when sentencing." *United States v. Herula*, 464 F.3d 1132, 1136 (10th Cir. 2006) (internal citations and quotations omitted). "The district courts still maintain the ability to depart downward or upward from the sentencing guideline range, so long as the sentence imposed is reasonable in light of the factors in 18 U.S.C. § 3553(a)." *Montgomery*, 439 F.3d at 1262 (emphasis omitted); *see United States v. Resendiz-Patino*, 420 F.3d 1177, 1184 n.6 (10th Cir. 2005) ("Relieved of the mandatory application of the guidelines by *Booker*, district courts are now permitted to give more sway in sentencing to the factors enumerated in 18 U.S.C. § 3553(a)."), *cert. denied*, 126 S.Ct 1098 (2006). If "the district court errs in applying the Guidelines" post-*Booker*, "we must remand – without reaching the question of reasonableness - unless the error is harmless." *United States v. Kristl*, 437 F.3d 1050, 1054-55 (10th Cir. 2006). We still review legal questions de novo, factual findings for clear error, and give due deference to the district court's application of the guidelines to the facts. *United States v. Wolfe*, 435 F.3d 1289, 1295 (10th Cir. 2006).

At the outset, we note it is not entirely clear what the district court did at Hurt's re-sentencing. At his initial sentencing, the district court determined the offense level to be 26. The guideline for a violation of 21 U.S.C. § 856(a)(2) is located in USSG §2D1.8(a)(1). Section 2D1.8(a)(1) directs the district court to

employ the applicable offense level from USSG §2D1.1.[4]  Section 2D1.1(c)(7)

provides an offense level of 26 for offenses involving at least fifty grams but less

than 200 grams of methamphetamine.  This level was predicated on a finding by

the district court that Hurt's offense involved 113 grams of methamphetamine.

Coupled with a criminal history category of II, the sentencing range was seventy

to eighty-seven months imprisonment.  The district court initially sentenced Hurt

to seventy-seven months imprisonment.

At re-sentencing, the district court recounted the basis for the drug finding

in the initial proceeding.  The district court later stated that at recess it had asked

the probation officer "to review the findings that were made at the [original]

sentencing proceedings, noting that I agreed with the findings that were suggested

by the probation officer and recommended under 2D1.8(a)(1) as to drug quantity,

but further noted that the entire conspiracy of the Olivas group was clearly in the

area of five kilograms."  (R. Vol. III at 22.)  The district court, however, read

*Hurt I* as instructing "that in the absence of a jury finding of a specific amount of

methamphetamine," the court could not sentence under §2D1.8(a)(1), but rather

was "left with sentencing this defendant under [§]2D1.8(a)(2) and that the capped

---

[4] Section 2D1.8(a)(1) determines the offense level when the defendant is
charged with "Renting or Managing a Drug Establishment" and provides the
offense level will be "[t]he offense level from §2D1.1 applicable to the
underlying controlled substance offense, except as provided [in §2D1.8(a)(2)]."

guideline level in that case would be level 26." (*Id*. at 25.) Section 2D1.8(a)(2)

provides:

> If the defendant had no participation in the underlying controlled
> substance offense other than allowing use of the premises, the
> offense level shall be 4 levels less than the offense level from §2D1.1
> applicable to the underlying controlled substance offense, but not
> greater than level 26.

After further considering the facts of the case, the district court found that a

"reasonable sentence . . . would be in the area of level 24, . . . Criminal History

II, which places him in a category of a guideline range of 57 to 71 months. I will

sentence this defendant at the low end of that guideline, that is, 57 months." (*Id*.

at 26-27).

After the district court pronounced the sentence, the government asked the

district court: "Is your reduction to level 24 to reflect a specific finding of

relevant conduct, a lower finding of relevant conduct? Is the Court making a

finding of relevant conduct for this sentencing?" (*Id*. at 28.) The district court

replied: "No. I'm just attempting to achieve a reasonable sentence under the

statute. . . . And if you mean by relevant conduct a drug quantity[,] [n]o, I'm not.

The guideline I'm using is level – if there was a guideline, it's level 26. And I

find that under either [§2D1.8](a)(1) or (a)(2), but I am imposing the sentence

under (a)(2) given the defendant's conduct . . . . And then I'm, in an effort to

achieve a reasonable sentence in this case, sentencing him with reference to the

guidelines to two offense levels lower . . . ." (*Id*. at 28-29.)

Relying on language in *Hurt I*, Hurt first argues the district court erred by engaging in judicial fact-finding as to the amount of drugs involved in the case. Hurt's argument is misplaced. In *Hurt I*, we read *Booker* to hold judicial fact-finding *under a mandatory application of the guidelines* violated a defendant's Sixth Amendment rights.[5] As our subsequent case law makes clear, judicial fact-finding under an advisory guideline system is perfectly permissible so long as supported by a preponderance of the evidence. *See United States v. Hall*, 473 F.3d 1295, 1312 (10th Cir. 2007)*; Magallanez*, 408 F.3d at 685. Hurt does not challenge the evidentiary basis for the initial finding of drug quantity.

_____

[5] In *Hurt I*, we stated:

> Clearly, under *Booker-Fanfan,* the appellant's sentence cannot be upheld. The district court, and not a jury, determined that the offense involved 50 to 200 grams of methamphetamine, which "fact" the defendant did not admit and, in fact, contested. Further, that "fact," *i.e.*, the amount of methamphetamine involved, enhanced defendant's term of imprisonment above the sentence he would have otherwise received, *i.e.*, 77 months instead of 12 to 18 months, and, of course, under *Fanfan* the U.S.S.G. are not mandatory on a trial court and are now only advisory.

137 Fed. Appx. at 197. We read this as nothing more than a finding of constitutional *Booker* error. *See United States v. Clark*, 415 F.3d 1234, 1238 (10th Cir. 2005) ("A district court commits constitutional *Booker* error when it 'applies the Guidelines in a mandatory fashion, makes factual findings (other than the fact of prior convictions), and imposes a sentence above the maximum that would apply in the absence of such findings.'") (quoting *United States v. Yazzie*, 407 F.3d 1139, 1144 (10th Cir.) (en banc) (emphasis omitted), *cert. denied*, 126 S.Ct. 303 (2005)); *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir.) (en banc) (constitutional *Booker* error occurs when a court, "relying on judge-found facts, other than those of prior convictions, [enhances] a defendant's sentence mandatorily"), *cert. denied*, 126 S.Ct. 495 (2005).

The parties also argue about whether the district court correctly applied USSG §2D1.8(a)(2). The sentencing transcript is less than clear on the district court's methodology.

Hurt argues the district court misapplied §2D1.1. Hurt contends, under §2D1.1, his offense level would have been 26 if based upon the finding of 113 grams of methamphetamine used at the initial sentencing. Applying §2D1.8(a)(2) to an offense level of 26, Hurt's offense level should have been reduced by four levels to level 22, rather than only a two level reduction to 24, subject to any final adjustments made by the district court in its discretion.

The government, however, argues Hurt misreads the district court's explanation of its actions at re-sentencing. According to the government, the district court found Hurt responsible for a larger amount of drugs at re-sentencing based on its statement at re-sentencing that "the entire conspiracy of the Olivas group was clearly in the area of five kilograms." (R. Vol. III at 22.) Under §2D1.1(c)(2) or (3), Hurt's offense level would have been either 34 or 36, depending on the precise amount of the drugs.[6] Applying the four level reduction under §2D1.8(a)(2), Hurt's adjusted offense level would be either 30 or 32, in

_____

[6] Five kilograms falls on the dividing line between offense level 34 and 36. *See* USSG §2D1.1(c)(2) & (3). The district court only noted the drugs involved in the underlying offense were "in the area of five kilograms." (R. Vol. III at 22.) Depending on whether the drugs were slightly more or less than five kilograms, Hurt's offense level would change correspondingly. Either way, §2D1.8(a)(2) would eventually cap the level at 26.

which case the level 26 cap imposed by §2D1.8(a)(2) would operate. The government argues the district court thus found a capped offense level of 26 then, in its discretion, decided to depart downward from the guideline range to a level 24 in order to achieve a reasonable sentence. In support, the government relies on the district court's statement that "[t]he guideline I'm using is level - if there was a guideline, it's level 26. And I find that under either [§2D1.8](a)(1) or (a)(2), but I am imposing the sentence under (a)(2) given the defendant's conduct . . . . *And then I'm, in an effort to achieve a reasonable sentence in this case, sentencing him with reference to the guidelines to two offense levels lower . . . .*" (R. Vol. III at 28-29 (emphasis added).) Thus, under the government's reading of the re-sentencing proceedings, the district court did not err in applying §2D1.8(a)(2), but merely granted a discretionary downward adjustment after correctly calculating the applicable guideline range.[7]

---

[7] The district court should have first determined what a guidelines sentence would be if there were no departures from the guidelines. *Booker*, 543 U.S. at 265; *Kristl*, 437 at 1055 (10th Cir. 2006). If correctly done, such a guidelines sentence would be presumptively reasonable. *Kristl*, 437 F.3d at 1055. The district court should then have reviewed the sentence for reasonableness, by reference to the factors enumerated in 18 U.S.C. § 3553(a). *Booker*, 543 U.S. at 259-61. If the court then determined a non-guidelines sentence was appropriate, it should have varied only proportional to the extent the § 3553(a) factors were implicated on the facts. *United States v. Cage*, 451 F.3d 585, 594-96 (10th Cir. 2006) (departures from the guideline sentence should be made by reference to the guidelines and should only depart to that extent justified by the circumstances of the case).

We do not need to determine the exact character of the district court's action here because any misapplication of §2D1.8(a)(2) was harmless. *Kristl*, 437 F.3d at 1054-55 ("[W]hen the district court errs in applying the Guidelines[,] . . . we must remand-without reaching the question of reasonableness-unless the error is harmless."). Any error is harmless because, by reading our opinion in *Hurt I* to forbid it from applying §2D1.8(a)(1) in the absence of a jury finding on the amount of methamphetamine, the district court misread our first opinion. As we have explained, the district court could have re-sentenced Hurt under §2D1.8(a)(1) and reimposed the same seventy-seven month sentence on remand, so long as it treated the guidelines as advisory rather than mandatory and made its findings of fact by a preponderance of the evidence.[8] In doing so, the district court could have relied on its prior fact finding (which was not contested as to accuracy)[9] to again apply a base offense level of 26 based on 113 grams of methamphetamine under §2D1.8(a)(1). Thus any error in the district court's reading of our opinion in *Hurt I* was to Hurt's potential benefit, and so was harmless.

_____

[8] The district court was perplexed by our remand at re-sentencing, explaining it had attempted to adopt an alternative ruling that the initial sentence was a reasonable one.

[9] Hurt complained that judicial fact finding was constitutionally prohibited, but did not dispute the validity of the facts found by a preponderance of the evidence. Those facts did not change between the first and second sentencing. In a discretionary sentencing system judicial fact finding by a preponderance of the evidence is not error, constitutional or otherwise.

Hurt has filed a Motion to Supplement Briefing calling to our attention *Cunningham v. California*, 127 S.Ct. 856 (2007). We treat the motion as a submission under Rule 28 (j) of the Tenth Circuit Rules. *Cunningham* does not impact our analysis in this case.

AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge