FILED
United States Court of Appeals
Tenth Circuit

January 15, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DHEADRY LOYD POWELL,

    Defendant - Appellant.

No. 20-3085 and No. 20-3142
(D.C. No. 2:05-CR-20067-JWL-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Dheadry Powell, proceeding pro se,[1] appeals his 40-year sentence. For the

reasons explained below, we affirm.

**Background**

In 2005, Powell pleaded guilty to one count of conspiracy to distribute and

possession with intent to distribute 50 grams or more of crack cocaine in violation of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Powell's pro se filings. But we will not act as his advocate by, for example, formulating possible arguments or combing the record for support. *See Garrett v. Selby*, 425 F.3d 836, 840 (10th Cir. 2005).

21 U.S.C. §§ 841(b)(1)(A) and 846 and one count of money laundering in violation of 18 U.S.C. § 1956(h). At Powell's initial sentencing, the district court determined the drug quantity attributable to Powell and applied various enhancements. Ultimately, the district court calculated a total offense level of 48. But because the United States Sentencing Guidelines (U.S.S.G. or Guidelines) cap offense levels at 43, the district court lowered Powell's total offense level to 43 for purposes of sentencing. *See* U.S.S.G. ch. 5, pt. A, cmt. n.2 ("An offense level of more than 43 is to be treated as an offense level of 43."). This total offense level combined with Powell's criminal history resulted in an advisory Guidelines sentence of life imprisonment. Accordingly, the district court sentenced Powell to life imprisonment for the conspiracy-to-distribute count and 20 years for the money-laundering count, both sentences to run concurrently.

In July 2017, Powell filed a motion for a reduced sentence. Specifically, he argued he was eligible for a reduction under 18 U.S.C. § 3582(c)(2) because certain amendments to the Guidelines lowered his base offense level. In response, the district court recalculated the drug quantity attributable to Powell and determined that he had a lower base offense level under the amended Guidelines. But, after applying the same enhancements from the original sentence, Powell's total offense level remained above 43. Because Powell's sentencing range remained unchanged, the district court concluded that Powell was ineligible for a reduction under § 3582(c)(2) and denied his motion.

Powell appealed. *See United States v. Powell*, 739 Fed. App'x 511 (10th Cir. 2018) (unpublished), *cert. denied*, 139 S. Ct. 1462 (2019). He argued that the district court improperly calculated his total offense level by grouping his two convictions. *Id.* at 512. We acknowledged that each conviction had a different total offense level. *Id.* (noting total offense level for Powell's drug conviction was 42 and total offense level for his money-laundering conviction was 44). But we explained that the district court properly grouped the two convictions and correctly calculated the total offense level. *Id.* However, although we approved this method of calculating Powell's offense level, we determined that the district court should have dismissed Powell's motion seeking a reduced sentence for lack of jurisdiction. *Id.* Accordingly, we vacated the district court's order and remanded with instructions to dismiss for lack of jurisdiction. *Id.* at 512–13.

Following that appeal, in April 2019, Powell filed another motion in the district court, this one seeking to be resentenced under the Fair Sentencing Act of 2010 and the First Step Act of 2018. Powell argued that he was eligible for resentencing under these acts because they retroactively increased the threshold quantity of drugs necessary to convict a defendant under § 841(b)(1)(A)—Powell's statute of conviction for his drug conviction—and retroactively changed the statutory penalties for such convictions. Powell also repeated his argument that the district court improperly grouped his two convictions together when calculating his sentence under the Guidelines.

The district court agreed that Powell was eligible for resentencing under these acts, and it noted that Powell's "advisory [G]uidelines range remain[ed] life imprisonment." R. vol. 1, 347. But it concluded that Powell's attributable drug quantity corresponded to a new statutory maximum of 40 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(B) (providing statutory maximum sentence). The district court also rejected Powell's argument about improper grouping, stating that "the Tenth Circuit has held that the sentencing judge in this case correctly calculated [Powell]'s sentence and that the [presentence investigation report] correctly calculated [his] advisory [G]uidelines range." App. vol. 1, 348. Accordingly, the district court resentenced Powell to the new statutory maximum of 40 years. Powell then filed Appeal No. 20-3085.

But in April 2020, before briefing in Appeal No. 20-3085, Powell filed another motion in the district court, this one seeking a reduced sentence. This motion again reiterated the same argument this court addressed and rejected in Powell's prior appeal—that the district court improperly calculated his total offense level by grouping the offenses. *See Powell*, 739 F. App'x at 512. Citing the law-of-the-case doctrine and noting our previous decision, the district court declined to reconsider Powell's arguments and denied his motion. Powell then filed another appeal, Appeal No. 20-3142.

Accordingly, Appeal No. 20-3085 and Appeal No. 20-3142 are now pending. Because both appeals concern the same sentence, we address both here.[2]

## Analysis

## I. Appeal No. 20-3085: Powell's Motion Seeking To Be Resentenced Under the First Step Act and Fair Sentencing Act

In appealing the district court's order on his April 2019 motion seeking to be resentenced, Powell argues that "[t]he district court abused it[]s discretion[] when [it] . . . used a statute . . . as a substitute for sentencing, instead of the [Guidelines]." Case No. 20-3085, Aplt. Br. 3. Liberally construed, we interpret this as an argument that the district court erred by failing to calculate his Guidelines range upon resentencing. *Cf. United States v. Brown*, 974 F.3d 1137, 1144 (10th Cir. 2020) (stating that district court "must calculate the defendant's Guideline range" when revising sentence under First Step Act). But contrary to Powell's assertion, the district court did consider the Guidelines when determining Powell's sentence: It specifically stated that although Powell's "*advisory [G]uidelines range remains life imprisonment*," it was resentencing Powell to 40 years in accordance with the First Step Act and the 40-year statutory maximum newly applicable under that act. R. vol. 1, 347 (emphasis added). Thus, we do not agree that the district court failed to

---

[2] Powell's notice of appeal in Appeal No. 20-3142 indicated his intent to also appeal the denial of two additional motions: a motion to recuse the district-court judge and a motion to appoint counsel. Notwithstanding Powell's notice, his opening briefs in both appeals address only his sentencing motions. Accordingly, we limit our consideration to those issues. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (applying to pro se litigant rule that "[a]rguments not clearly made in a party's opening brief are deemed waived").

consider the guidelines.

And to the extent that Powell challenges the district court's omission of any explanation regarding its recalculation of the Guidelines range, we would find any such error harmless. *See United States v. Montgomery*, 439 F.3d 1260, 1263 (10th Cir. 2006) ("Harmless error is that which 'did not affect the district court's selection of the sentence imposed.'" (quoting *United States v. Labastida-Segura*, 396 F.3d 1140, 1143 (10th Cir. 2005))). When resentencing under the First Step Act, the court applies the version of the Guidelines in place at the time of the original sentencing. *See Brown*, 974 F.3d at 1144. Under those Guidelines, there would be no change in Powell's base offense level. *See* U.S.S.G. § 2D1.1(a)(2) (2006) (setting base offense level for convictions under § 841(b)(1)(A)–(C) at 38). And Powell does not suggest that there could or would be any change in the enhancements leading to his ultimate offense level of 43 and further concedes his criminal-history category of IV. Accordingly, the district court properly concluded that the Guideline range remained life imprisonment, and any error in failing to explain that calculation is harmless.[3]

Because Powell makes no other challenge to the district court's order on

---

[3] When determining that Powell was eligible for resentencing, the district court resolved a dispute as to "whether a defendant's eligibility for a reduction [under the Fair Sentencing Act and First Step Act] is determined by a defendant's statute[ ]of[ ]conviction or whether it is determined by a defendant's actual conduct." R. vol. 1, 345. The court concluded that eligibility is determined by the statute of conviction. In doing so, it explained that even though the Tenth Circuit has not explicitly addressed this issue, "[e]very Circuit Court of Appeals that has addressed this issue . . . has adopted [the] statute-of-conviction theory." *Id.* Because Powell does not challenge the district court's reasoning on this issue, we express no opinion as to whether the district court properly adopted the statute-of-conviction theory.

Powell's April 2019 motion seeking to be resentenced under the Fair Sentencing Act and First Step Act, we affirm that order.

**II.     Appeal No. 20-3142: Powell's Motion Seeking a Reduced Sentence**

Next, Powell argues—as he did in his April 2020 motion seeking a reduced sentence—that the district court miscalculated his total offense level. But, as the district court observed, Powell's position restates the same miscalculation arguments that we rejected in Powell's earlier appeal. *See Powell*, 739 F. App'x at 512. And the district court declined to reconsider these same arguments according to the law-of-the-case doctrine. Nevertheless, Powell contends that the district court should have applied an exception to the law-of-the-case doctrine and reached the merits of his arguments. *See United States v. Trent*, 884 F.3d 985, 995 (10th Cir. 2018) (discussing exceptions). Specifically, he argues that the allegedly errant offense calculation "worked a manifest injustice" and that "controlling authority has subsequently made a contrary decision of the [applicable] [l]aw." Case No. 20-3142, Aplt. Br. 3; *see also Trent*, 884 F.3d at 995.

Yet Powell offers no support for his conclusory assertion of manifest injustice. For example, he doesn't explain why it was unjust for the district court to reduce his life sentence to the mandatory maximum, nor does he explain how he could be entitled to a different sentence. Further, Powell fails to cite any authority—subsequent, controlling, or otherwise—that undermines our prior conclusion that the district court correctly calculated Powell's offense level. We therefore determine that

neither of Powell's purported exceptions apply and that the district court properly applied the law-of-the-case doctrine to deny Powell's motion for resentencing.

## Conclusion

We affirm the district court's orders granting in part and denying in part Powell's April 2019 motion seeking to be resentenced under the Fair Sentencing Act and First Step Act and denying Powell's April 2020 motion seeking a reduced sentence. We also dismiss as moot his pending motions to add exhibits to his opening brief and to expedite his appeals.

Entered for the Court


Nancy L. Moritz
Circuit Judge