**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 7, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

CLEO PATTERSON,

      Defendant - Appellant.

No. 05-6386

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 05-CR-68)**

---

Sue Tuck Richmond, Assistant United States Attorney, (and John C. Richter, United States Attorney, on the brief), Oklahoma City, Oklahoma, for Plaintiff - Appellee.

Cleo Patterson, pro-se.

---

Before **KELLY**, **LUCERO**, and **TYMKOVICH**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

     This matter comes before us on remand from the Supreme Court for further consideration in light of the recent decision in Chambers v. United States, 129 S. Ct. 687 (2009). Prior to Chambers, we heard Defendant-Appellant Cleo

Patterson's appeal from his conviction and sentence. Mr. Patterson was convicted of possession with intent to distribute approximately sixty-seven pounds of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (count II), and traveling in interstate commerce with intent to further a drug trafficking enterprise in violation of 18 U.S.C. §§ 1952(a)(3) and 2 (count III). See United States v. Patterson, 472 F.3d 767, 772 (10th Cir. 2006), vacated, 129 S. Ct. 989 (2009). The district court sentenced Mr. Patterson to concurrent sentences of 360 months in prison on count II and 60 months on count III, followed by 60 months of supervised release on count II and 36 months on count III. See id. On appeal, we affirmed Mr. Patterson's conviction and sentence. Id. at 775-83. We further denied a petition for panel rehearing and rehearing en banc. Subsequently, Mr. Patterson filed a writ of certiorari in the Supreme Court; while that was pending, the Supreme Court issued its decision in Chambers. The Supreme Court then vacated our judgment in Patterson and remanded for further consideration in light of Chambers.

## Background

Because we have previously stated the facts involved this case, we do not recount them here other than as necessary to explain the issue before us. At sentencing before the district court, Mr. Patterson objected to the application of the career offender enhancement under U.S.S.G. § 4B1.1, arguing that the PSR

did not establish that the predicate crimes had been committed. Addendum to PSR, at 27; II Aplt. App. 428-38. The district court found that there were four prior convictions that qualified as a prior offenses for the career offender enhancement—a burglary conviction, a conviction for sale of marijuana, an escape conviction, and a conviction for sale of cocaine. II Aplt. App. 428-38. The district court did not count Mr. Patterson's prior conviction for second degree robbery, as the court sustained Mr. Patterson's objections to the use of that conviction. II Aplt. App. 432.

On the basis of the four qualifying prior convictions, the district court applied the career offender enhancement to Mr. Patterson's offense level. On appeal to this court, Mr. Patterson challenged the categorization of the escape conviction as a "crime of violence." However, we concluded that the escape conviction was properly classified as a crime of violence. Patterson, 472 F.3d at 783. Mr. Patterson also attempted to renew the objections that he made "in the District Court and in his written objections to the PSR" to the other convictions underlying the career offender enhancement. Aplt. Br. 49. We did not consider those objections because, at the time, we thought that Mr. Patterson "provided neither the PSR nor his objections to it" to this court on appeal. Patterson, 472 F.3d at 781 n.6. We also observed that we do not allow incorporation of district court arguments merely by reference. Id. After we denied rehearing, Mr. Patterson filed a petition for a writ of certiorari.

-3-

While the petition was pending, the Supreme Court rendered its decision in Chambers. In Chambers, the Supreme Court held that the crime of failing to report to prison is not a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). Chambers, 129 S. Ct. at 691-93. According to the Supreme Court, the crime of "failure to report"[1] was not a violent crime because it did not have "'as an element the use, attempted use, or threatened use of physical force against the person of another,'" id. at 691 (quoting 18 U.S.C. § 924(e)(2)(B)(i)), and because it did not "involve conduct that presents a serious potential risk of physical injury to another," id. (internal quotations omitted). To the contrary, the Court concluded, the crime of failure to report "amounts to a form of inaction" and provides "no reason to believe" that commission of the crime "poses a serious potential risk of physical injury." Id. at 692.

Following its decision in Chambers, the Supreme Court granted Mr. Patterson's petition for a writ or certiorari, vacated the judgment of this court, and remanded the case for further proceedings. See Patterson v. United States, 129 S. Ct. 989 (2009) (table). We must now decide whether the Court's holding in

---

[1] The Illinois statute at issue encompassed several different kinds of behavior: "(1) escape from a penal institution, (3) escape from the custody of an employee of a penal institution, (3) failing to report to a penal institution, (4) failing to report for periodic imprisonment, (5) failing to return from furlough, (6) failing to return from work and day release, and (7) failing to abide by the terms of home confinement." Chambers, 129 S. Ct. at 691 (citing Ill. Comp. Stat., ch. 720, § 5/31-6(a)). The Court's discussion of the "failure to report" crime encompassed both failure to report and failure to return. Id.

-4-

Chambers dictates that we must alter Mr. Patterson's sentence by removing the career offender enhancement. We hold that it does not.

## Discussion

Because Mr. Patterson is challenging his classification as a career offender under U.S.S.G. § 4B1.1, our review is de novo. United States v. Karam, 496 F.3d 1157, 1166 (10th Cir. 2007). However, we will review the district court's factual findings for clear error. United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006). If our review reveals error by the district court, we will reverse unless the error was harmless. Any error is harmless "if it did not affect the substantial right of the accused." United States v. Sells, 477 F.3d 1226, 1240 (10th Cir. 2007). No substantial right of the accused is affected if the error did not change the district court's selection of a sentence. See United States v. Montgomery, 439 F.3d 1260, 1263 (10th Cir. 2006).

We need not decide whether Chambers establishes that Mr. Patterson's conviction for escape was not a crime of violence, because Mr. Patterson had at least two other convictions that suffice to support the application of the career offender enhancement. Pursuant to U.S.S.G. § 4B1.1, a defendant qualifies as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

-5-

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Id. The only issue before us is whether Mr. Patterson had at least two prior qualifying felony convictions. Even assuming now that Mr. Patterson did properly challenge not only the escape conviction but also the other convictions used by the district court as prior offenses for the career offender enhancement,[2] we still conclude that the district court was correct in finding that Mr. Patterson had sufficient qualifying prior offenses to trigger U.S.S.G. § 4B1.1.

The district court properly found, as a matter of fact, that Mr. Patterson had a prior conviction for first degree burglary. See PSR ¶ 25; II Aplt. App. 429. That conviction clearly qualifies as a prior crime of violence for purposes of U.S.S.G. § 4B1.1. See Tenn. Code Ann. § 39-3-401(a) (1987); United States v. Spring, 80 F.3d 1450, 1462-63 (10th Cir. 1996). The district court also properly found, as a factual matter, that Mr. Patterson had a second prior conviction, namely, a conviction for selling cocaine that carried a sentence of four years in prison. See PSR ¶ 34; II Aplt. 438. This qualifies as a prior controlled substance offense for purposes of U.S.S.G. § 4B1.1. See U.S.S.G. § 4B1.2(b) ("The term

---

[2] In Mr. Patterson's prior appeal to this court, we declined to consider these challenges for two reasons: lack of a record and disapproval of incorporation by reference. Patterson, 472 F.3d at 781 n.6. We have since discovered that he did provide those documents, though they could not be located at the time. In an abundance of caution, we have supplemented the record with the documents. However, they do not alter the outcome of this case.

'controlled substance offense' means an offense under federal or state law, punishable by imprisonment exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."). These two convictions alone were enough to support the career offender enhancement. See U.S.S.G. § 4B1.1. We also note that the district court found, as a matter of fact, that Mr. Patterson had a third prior conviction; Mr. Patterson was previously convicted for selling marijuana and was sentenced to a year in prison for the offense. See PSR ¶ 26; II Aplt. App. 430. However, because we have determined that there are already two qualifying prior convictions, we need not rely on this third offense to determine that the district court properly imposed the career offender enhancement.

Accordingly, because the district court was correct in finding that Mr. Patterson had at least two other convictions that qualify as predicate offenses under U.S.S.G. § 4B1.1, the inclusion of the prior escape conviction was harmless—even if it was error—because it did not "affect the district court's selection of the sentence imposed." Montgomery, 439 F.3d at 1263 (internal quotations omitted). Accordingly, we need not vacate and remand the sentence. See United States v. Wilken, 498 F.3d 1160, 1169 (10th Cir. 2007) ("[W]e need not vacate and remand the sentence if the error was harmless.").

We therefore AFFIRM the conviction and sentence and DENY all pending

motions.