**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

CHRISTOPHER JACKSON,

      Defendant-Appellant.

No. 08-3317
(D.C. No. 08-CR-20051-JWL-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **EBEL**, and **O'BRIEN**, Circuit Judges.

In this direct criminal appeal, Defendant-Appellant Christopher Jackson

challenges the calculation of his sentencing guideline range. Specifically,

Jackson asserts that the district court erred in applying U.S.S.G. § 4B1.1 to

calculate his advisory sentencing range, after determining that Jackson qualified

as a career offender. Having jurisdiction to consider this appeal under 18 U.S.C.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 3742(a) and 28 U.S.C. § 1291, we AFFIRM.

## I. BACKGROUND

Jackson pled guilty to being an inmate found in possession of a prohibited object—in this case, two wooden shanks—in violation of 18 U.S.C. § 1791(a)(2).[1] In calculating Jackson's advisory sentencing range for that conviction, the presentence report ("PSR") indicated that Jackson qualified as a career offender under U.S.S.G. § 4B1.1 (November 1, 2007). Although Jackson objected to that determination, the district court ultimately adopted the PSR's calculations. Based upon Jackson's status as a career offender under § 4B1.1, the district court calculated Jackson's offense level to be 14 and his criminal history category to be VI, resulting in an advisory sentencing range of 37 to 46 months in prison. The district court imposed a sentence at the lowest end of that range, 37 months, to run consecutively to the sentence Jackson was already serving when he committed the instant offense.

## II. STANDARD OF REVIEW

This court reviews de novo the district court's ultimate determination under U.S.S.G. § 4B1.1 that Jackson was a career offender, and any underlying factual

---

[1]18 U.S.C. § 1791(a)(2) provides that "[w]hoever . . . being an inmate of a prison, makes, possesses, or obtains, or attempts to obtain, a prohibited object; shall be punished as provided in subsection (b) of this section." Because Jackson's offense involved "a weapon (other than a firearm or destructive device)," subsection (b) provided for a fine or "imprisonment for not more than 5 years, or both." Id. § 1791(b)(3), (d)(1)(B).

findings for clear error. See United States v. Patterson, 561 F.3d 1170, 1172 (10th Cir. 2009).

## III. ANALYSIS

Under U.S.S.G. § 4B1.1(a),

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

On appeal, Jackson challenges only the district court's determination as to the second factor of this three-pronged inquiry, asserting that the instant offense, possessing a prohibited object in prison, should not be considered a crime of violence.

Section 4B1.1 defines "crime of violence" by referring to U.S.S.G. § 4B1.2. See U.S.S.G. § 4B1.1 app. n.1. And § 4B1.2(a) defines "crime of violence" to mean

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Applying a similarly worded statute—the Armed Career Criminal Act

3

("ACCA"), see 18 U.S.C. § 924(e)(1)—this court has already held that a conviction for possessing a deadly weapon in prison qualifies as a "violent felony." See United States v. Zuniga, 553 F.3d 1330, 1332, 1336 (10th Cir. 2009) (applying Begay v. United States, 128 S. Ct. 1581 (2008), to a Texas conviction for possessing a deadly weapon in a penal institution), petition for cert. filed (U.S. Apr. 16, 2009) (No. 08-9944).[2] And, "[b]ecause of the similarity in language between [the ACCA] and U.S.S.G. § 4B1.2(a), this court has occasionally looked to precedent under one of these provisions as guidance under the other provision in determining whether a conviction qualifies as a crime of violence." United States v. West, 550 F.3d 952, 960 n.5 (10th Cir. 2008); see also United States v. Serafin, 562 F.3d 1105, 1113 n.9 (10th Cir. 2009) (noting similarity between the definitions of a violent felony under the ACCA and

_____

[2]Similar to U.S.S.G. § 4B1.2(a), the ACCA defines "violent felony," in pertinent part, to be

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). This court, in Zuniga, held that a Texas conviction for possessing a deadly weapon in a penal institution was a violent felony under the ACCA's residual clause, an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." See 553 F.3d at 1333.

U.S.S.G. § 4B1.2(a)); see also United States v. Rooks, 556 F.3d 1145, 1149-50 (10th Cir. 2009) (noting that, in light of the application note accompanying U.S.S.G. § 4B1.2(a), that guideline provision might warrant an even broader definition of violent felony than that given under the ACCA), petition for cert. filed (U.S. June 9, 2009) (No. 08-10791).  Jackson acknowledges this authority contrary to the position he takes in this case, but he seeks to preserve this issue for future review.

## IV.  CONCLUSION

For these reasons, we AFFIRM Jackson's sentence.[3]

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[3]In doing so, we need not address the Government's alternative argument for affirmance, that the categorical approach does not apply when considering whether the instant offense of conviction was a violent felony and that the specific facts underlying Jackson's conviction at issue here establish that it was, in fact, a violent felony.