**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEON JUNIOR JOHNSON,

Defendant - Appellant.

No. 10-1530
(D.C. No. 1:10-CR-00189-PAB-1)
(D. Colo.)

---

**ORDER**

---

Before **GORSUCH**, **SEYMOUR**, and **MATHESON**, Circuit Judges.

---

This matter is before the court on appellant's petition for rehearing en banc.
The original panel members have determined to grant panel rehearing for the
limited purpose of amending our original order and judgment. The Clerk is
directed to reissue the attached decision as amended nunc pro tunc to February 2,
2012.

The request for en banc consideration was circulated to all the judges of the
court who are in regular active service. No judge called for a poll. Accordingly,

appellant's request for en banc review is denied.

Entered for the Court

Elisabeth A. Shumaker, Clerk

FILED
United States Court of Appeals
Tenth Circuit

February 2, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 10-1530 <br> (D.C. No. 1:10-CR-00189-PAB-1) <br> (D. Colo.) |
| LEON JUNIOR JOHNSON, | |
| Defendant - Appellant. | |

---

### ORDER AND JUDGMENT[*]

---

Before **GORSUCH**, **SEYMOUR**, and **MATHESON**, Circuit Judges.

---

The sole question presented by Leon Johnson in this case is "whether the

instant offense of conviction under 18 U.S.C. §§ 1791(a)(2), (b)(3) and (d)(1)(B),

possession of a weapon in prison, is a 'crime of violence' pursuant to U.S.S.G.

§§ 4B1.1, 4B1.2(a)." Opening Br. at 1. Mr. Johnson urges us to answer that

question in the negative. But after he and the government finished briefing this

---

[*] After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
order and judgment is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal, we published *United States v. Perez-Jiminez*, 654 F.3d 1136 (10th Cir.

2011). And there we held that possessing a weapon in prison *can* qualify as a

"crime of violence" meriting a U.S.S.G. §§ 4B1.1, 4B1.2(a) sentencing

enhancement. We are, of course, now bound by that ruling and must reject Mr.

Johnson's contrary arguments.

Still there remains one wrinkle. In *Perez-Jiminez* we also said that courts

must engage in a "conduct-specific inquiry" before concluding that any *particular*

act qualifies for the crime of violence enhancement. 654 F.3d at 1140. But a

comparison of the specific conduct in *Perez-Jiminez* and in Mr. Johnson's case

reveals no material difference. In *Perez-Jiminez*, the specific conduct involved a

prisoner's possession of two five-and-a-half inch metal knives or shanks, and we

held this sufficient to trigger the sentencing guideline's crime of violence

enhancement. Here, the specific conduct involved Mr. Johnson's possession in

prison of a single eight-inch metal knife or shank. It is difficult to see how a

prisoner's possession of one longer knife is any less dangerous than his

possession of two shorter ones, or how we might deem one offense to be a crime

of violence and the other not. The outcome of this case is thus controlled both by

the general legal principles set forth in *Perez-Jiminez* and by the application of

those principles in that case.

Even if we were free to disregard *Perez-Jiminez*'s conduct-specific inquiry

and proceed to apply a categorical analysis, as Mr. Johnson argues we should, this

would alter the outcome of his case not at all. Given that the indictment charged Mr. Johnson with possession of a weapon in prison, under our precedent this means he committed a crime of violence as a categorical matter. *See United States v. Zuniga*, 553 F.3d 1330, 1333-36 (10th Cir. 2009) (using the categorical approach to determine that a Texas conviction for possession of a deadly weapon in prison was a violent felony for purposes of the ACCA); *United States v. Jackson*, 334 F. App'x 162, 162-64 (10th Cir. 2009) (unpublished) (applying *Zuniga* to the career offender sentencing guideline, which defines crime of violence in almost identical terms as the ACCA and which contains no commentary suggesting a narrower understanding of this definition). To be sure, Mr. Johnson notes that the Third Circuit held otherwise in *United States v. Polk*, 577 F.3d 515, 520 (3rd Cir. 2009). But we of course apply this circuit's authority, and neither, in any event, is it obvious our authority is wrong. In suggesting that possessing a weapon is never sufficiently violent or aggressive to qualify as a crime of violence for purposes of the sentencing guidelines, *Polk* did not confront the Sentencing Commission's authoritative commentary indicating that the mere possession of weapons can qualify, at least sometimes, as a crime of violence. *See* U.S.S.G. § 4B1.2, Application Note 1 ("Unlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (*e.g.*, a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'"). Whether *Polk*'s crime of violence analysis would be valid under the ACCA is beside the point.

- 3 -

Because the guidelines include commentary that the ACCA doesn't have, it would hardly be incongruous to interpret the two differently. *See United States v. Raupp*, 2012 WL 752389 (7th Cir.). And even within the ACCA context *Polk* seemed to assume that *Begay*'s "purposeful, violent, and aggressive" test applies to crimes with a *mens rea* requirement greater than recklessness (like the knowing possession of a weapon in prison), an assumption that isn't so clearly correct after the Supreme Court's decision in *Sykes v. United States*, 131 S. Ct. 2267, 2275-76 (2011).

Affirmed.


ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge