FILED
United States Court of Appeals
Tenth Circuit

August 15, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

VYSEAN LEANDRE EMBRY,

    Defendant - Appellant.

No. 24-5013
(D.C. No. 4:15-CR-00133-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT***
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Vysean Leandre Embry, appearing pro se, appeals the district

court's denial of a sentence reduction.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

I.

Defendant pleaded guilty to one count of drug conspiracy in violation of 21

U.S.C. §§ 846 and 841(b)(1)(A)(vii)(II). Applying a career-offender enhancement,

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the district court sentenced Defendant to 180 months' imprisonment.[1]  After serving

100 months of his prison sentence, Defendant moved the district court for

compassionate release, seeking a sentence reduction under 18 U.S.C.

§ 3582(c)(1)(A).  Defendant now appeals the district court's denial of his motion.

II.

We review for abuse of discretion a district court's ruling on a compassionate-

release motion.  United States v. Hemmelgarn, 15 F.4th 1027, 1031 (10th Cir. 2021)

(citing United States v. Williams, 848 F. App'x 810, 812 (10th Cir. 2021)).  "A

district court abuses its discretion when it relies on an incorrect conclusion of law or

a clearly erroneous finding of fact."  Id. (quoting United States v. Battle, 706 F.3d

1313, 1317 (10th Cir. 2013)).

Under 18 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce a defendant's

term of imprisonment only if the defendant demonstrates "extraordinary and

compelling reasons warrant such a reduction."  Defendant argues a sentence

reduction is warranted by our decision in United States v. Crooks, 997 F.3d 1273,

1279 (10th Cir. 2021).  In Crooks, we held that a drug conspiracy conviction under

21 U.S.C. § 846 cannot serve as the basis for a career offender designation.  Crooks,

997 F.3d at 1279–80.  So Defendant argues that—even though the district court

correctly imposed a career-offender enhancement at sentencing—the intervening

change in law caused by Crooks provides an extraordinary and compelling reason to

---

[1] The district court also sentenced Defendant to ten years' supervised release.

2

reduce his sentence. But we conclude the district court did not abuse its discretion by finding no extraordinary and compelling reason existed for a sentence reduction because Defendant has not demonstrated a disparity between his sentence and the sentence he may have received if he were sentenced without the career-offender enhancement. See United States v. Bell, No. 22-5111, 2023 WL 2583384, at *2 (10th Cir. Mar. 21, 2023) (holding that the defendant's sentence disparity argument did not establish an extraordinary and compelling reason for a sentence reduction because there was no disparity between the defendant's original sentence and the one he would receive if resentenced); United States v. McGee, 992 F.3d 1035, 1046 (10th Cir. 2021) (quoting United States v. Tomes, 990 F.3d 500, 505 (6th Cir. 2021)) (holding that sentencing disparity created by the First Step Act's non-retroactive amendments can only create extraordinary and compelling reasons when "combin[ed]" with "a defendant's unique circumstances.").

District courts calculate a defendant's United States Sentencing Guideline range by comparing a defendant's criminal history category to his offense level. U.S. SENT'G GUIDELINES MANUAL (USSG) ch. 1, pt. A(h) (U.S. SENT'G COMM'N 2015). Here, the district court determined that, although Defendant would typically fall within Criminal History Category V, he instead fell within Category VI because of his career-offender enhancement. See USSG § 4B1.1(b). The district court identified Defendant's base offense level as thirty, which produced a guideline range

3

of 168 to 210 months' imprisonment.[2]   So the district court sentenced Defendant to 180 months' imprisonment, within the guidelines range.

Defendant argues that without a career-offender enhancement he would have qualified for a lower criminal history category, a lower offense level, and, therefore, a lower sentence.  See Bell, 2023 WL 2583384, at *2.  Defendant is correct that without a career-offender enhancement he would have qualified for a lower criminal history category: Category V instead of Category VI.  But, as Defendant admits, a lower criminal history category alone does not produce a lower sentence. [Appellant's Br. at 10.]  With an offense level of thirty in Criminal History Category V, the guidelines produce a range of 151 to 188 months.  USSG SENTENCING TABLE (U.S. SENT'G COMM'N 2023).  Because Defendant's actual sentence of 180 months falls within this range, a lower criminal history category cannot alone demonstrate that Defendant would receive a lower sentence if sentenced today.

So Defendant also argues that his offense level would have been lower without a career-offender enhancement.  Defendant's major premise is correct: a career-offender enhancement *may* increase an offense level.  U.S. SENT'G GUIDELINES MANUAL § 4B1.1(b) (U.S. SENT'G COMM'N 2023).  But Defendant's argument fails in its minor premise: he has not demonstrated that his offense level would have been lower without a career-offender enhancement.  See Bell, No. 22-5111, 2023 WL 2583384, at *2; McGee, 992 F.3d at 1046 (quoting Tomes, 990 F.3d at 505).

---

[2] Defendant ultimately received as many enhancements as reductions, and the district court sentenced Defendant at his Base Offense Level: thirty.

Defendant's appeal fails for two reasons.  First, Defendant baldly asserts that the district court would have sentenced him with an offense level of twenty-nine instead of thirty if Defendant had not qualified for a career-offender enhancement. But because Defendant does not explain why he would have qualified for a lower offense level, Defendant's brief does not provide an adequate basis for relief—even affording "solicitous construction" to his pro se filings.  Van Deelen v. Johnson, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).  Second, Defendant's presentence report— which the district court adopted without change—explicitly clarifies that Defendant's career-offender enhancement had no effect on his offense level.  Because Defendant has not demonstrated that his offense level would have been lower without a career-offender enhancement, Defendant has not demonstrated that his sentence would have been lower without a career-offender enhancement.  See Bell, No. 22-5111, 2023 WL 2583384, at *2.

In sum, Defendant has not demonstrated that his sentence is incongruous with the guidelines—with or without a career-offender enhancement.[3]  See id. Accordingly, the district court did not abuse its discretion in determining that

---

[3] Because Defendant lacks the factual predicate for his argument, we need not decide whether or how sentence disparity would affect our judgment.

5

Defendant has not shown an extraordinary and compelling reason for a sentence reduction.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge